UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LILIANA SEKULOVSKI,<br>Plaintiff, | )<br>)<br>) Case No.: |
| v. | ) Hon. _____<br>) |
| CHARTER TOWNSHIP OF<br>COMMERCE AND JAY JAMES,<br>Defendants. | )<br>)<br>) |

CELESTE M. DUNN, PLC
By: Celeste M. Dunn (P61819)
Attorney for Plaintiff
P.O. Box 230
Clarkston, MI 48347
(248) 701-3467
celestemdunplc@gmail.com

**COMPLAINT FOR CONSTITUTIONAL VIOLATIONS,
DECLARATORY RELIEF, AND JURY DEMAND**

Plaintiff Liliana Sekulovski ("Plaintiff"), by and through her attorney, Celeste M. Dunn, PLC, states for her First Amended Complaint as follows:

1. This is a civil action arising under 42 U.S.C. § 1983 and common law avenues of recovery for deprivations of Plaintiff's constitutional rights against Defendants.

2. Plaintiff also seeks a declaratory judgment that a state court order to remove the dog from the township was void because she was an owner of the dog Odin

and was not a party to an action that resulted in the court ordered removal of the dog Odin from Commerce Township.

3. Plaintiff brings this action against Defendant Jay James in his individual capacities.

## JURISDICTION

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367(a), 1341 and 2201.

## VENUE

5. Venue is proper under 28 U.S.C. § 1391(b).

6. The incidents that give rise to this suit all occurred in Commerce Township, which is situated in Oakland County, Michigan.

7. Defendant Commerce Township ("Township") is an agency of a political subdivision of the State of Michigan acting under color of State law, and is a person for purposes of a 42 U.S.C. § 1983 action.

8. Upon information and belief, Defendant Jay James ("James") is an employee of KER Engineering and is the building director for Defendant Township, a political subdivision of the State of Michigan, acting under color of State law and is a person for purposes of a 42 U.S.C. § 1983 action.

## COLOR OF STATE LAW

9. At all times relevant herein, Defendants acted under color of state law.

## FACTUAL BACKGROUND

10. On September 12, 2017, Plaintiff co-owned with non-party Ljupco Sekulovski a dog named Odin ("Odin".)  Exhibit 1.

11. On November 28, 2017, Ljupco Sekulovski only was issued a municipal civil infraction by Defendant James for keeping, harboring or maintaining a dangerous animal in alleged violation of Chapter 10, §10-9 of the Township Code of Ordinances.

12. On April 23, 2018, Judge T. David Law issued an Order ("Order") sought by Defendants ordering Ljupco Sekulovski to remove Odin from the Township.  In addition, the Order provided that Odin was not to return within the Township at any time, for any reason or any duration.

13. Following, Ljupco Sekulovski removed Odin from Commerce Township as set forth in the Order.

14. Ljupco Sekulovski unsuccessfully appealed the April 23, 2018 Order in State court as a delayed application.  There was no appeal of the underlying case on the merits as leave was not granted.

15. Plaintiff was never issued a citation from the Township and was not a participant in any of the court proceedings.

16. As an owner of Odin, Plaintiff is a necessary party in any proceeding affecting Odin because Odin is Plaintiff's property.  MCR 2.205.  See also, *Reinecke v Sheehy*, 47 Mich App 250, 255 (1973).

17. "Every person who, under color of any statute, ordinance, regulation,

3

custom, or usage, of any State...subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

## COUNT I
## VIOLATION OF CIVIL RIGHTS
## 42 U.S.C. § 1983 AND FOURTH AMENDMENT

18. Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

19. As a general matter of due process, there is no right to take property without due process. *Fuentes v. Shevin*, 407 U.S. 67, 890-81 (1972).

20. The Fourth Amendment of the United States Constitution, U.S. Const. amend. IV, prohibits the government from unreasonably seizing or destroying or seizing a citizen's property. "A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984).

21. "[T]here is a constitutional right under the Fourth Amendment to not have one's dog unreasonably seized." *Brown v. Battle Creek Police Department,* 844 F.3d 556, 566 (6th Cir. 2016).

22. Michigan law makes clear that the owners retain a possessory interest in their dogs. *Smith v. City of Detroit*, 751 F. App's 691, 696 (6th Cir. 2018)

4

23. Dogs are more than just a personal effect. *San Jose Charter of the Hells Angels Motorcycle Club v. City of San Jose,* 402 F.3d 962, 975 (9th Cir. 2005) (holding that defendant police's shooting of plaintiff's dogs was an unreasonable seizure).

24. The emotional attachment to a family's dog is not comparable to a possessory interest in furniture. *Id*.

25. Indeed, Plaintiff's Fourth Amendment interests involved are substantial because "the bond between a dog owner and his pet can be strong and enduring," and Plaintiff thinks of Odin "in terms of an emotional relationship, rather than a property relationship." *Altman v. City of High Point, N.C.*, 330 F.3d 194, 205 (4th Cir. 2003).

26. Defendants' acts described herein were objectively unreasonable. Defendants' orders were achieved without all owners as respondents. Every order achieved is void as all property owners were not included in the case. There is no order that allows the seizure of this property against Plaintiff.

27. Indeed, Defendants' acts described herein both individually and collectively were and are intentional, grossly negligent, and/or amount to reckless or callous indifference to Plaintiff's constitutional rights.

28. Defendants' actions were unreasonable under the totality of the circumstances and therefore constituted an unreasonable seizure under the Fourth Amendment.

29. No governmental interest justifies the intrusion involved in this case.

30. The right to possess a dog is clearly established. *Lesher v. Reed*, 12 F.3d

5

148, 150-51 (8th Cir. 1994).

31. As a direct and proximate cause of Defendants' unlawful seizure of Odin, Plaintiff has suffered and continues to suffer damages, including mental pain and anguish that flow naturally from the constitutional violations. *Moreno v. Hughes*, 2016 U.S. Dist. 5697 (E.D. Mich. Jan. 19, 2016) (holding that mental anguish and suffering damages are recoverable under the Civil Rights Act where police officers violate the Fourth Amendment by unreasonably shooting plaintiffs' dog).

### Compensatory Damages

32. Under 42 U.S.C. § 1983 Plaintiff is entitled to an award of compensatory damages.

### Punitive Damages

33. Defendants' actions were: Reckless; showed callous indifference toward the rights of Plaintiff; and were taken in the face of a perceived risk that the actions would violate federal law.

34. Plaintiff is entitled to an award of punitive damages against Defendants, in order to punish them and to deter others.

### Attorney's Fees

35. Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff requests the declaratory relief describe herein, compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

## COUNT II
## VIOLATION OF CIVIL RIGHTS
## 42 U.S.C. § 1983 AND FOURTEENTH AMENDMENT
## PROCEDURAL DUE PROCESS

36. Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

37. The Fourteenth Amendment provides "nor shall any state deprive any person of life, liberty or property, without due process of law." U.S. Const. amend. XIV, sect. 1, cl. 3.

38. To establish a procedural due process claim under 42 U.S.C. § 1983, a plaintiff must show that (1) it had a life, liberty, or property interest protected by the Due Process Clause; (2) it was deprived of this protected interest; and (3) the state did not afford it adequate procedural rights. See *Daily Servs., LLC v. Valentino*, 756 F.2d 893, 904 (CA6 2014).

39. Plaintiff has a protected property interest in his dog Odin. MCL 287.286a; MCL 287.321, *et seq., Brown, supra., Smith, supra*.

40. Plaintiff's protected property interest in his dog Odin has been denied due to the void order and restraint on property without Plaintiff being provided process.

7

41. Defendants held a hearing and pursued a case without Plaintiff. There is no adequate post-deprivation remedy.

42. Therefore, Plaintiff has a constitutionally protected interest that is being affected as a direct and proximate cause of Defendants' actions of achieving orders without her included as Respondent. As a direct and proximate cause of Defendants' actions, Plaintiff has been and continues to be damaged.

### Compensatory Damages

43. Under 42 U.S.C. § 1983 Plaintiff is entitled to an award of compensatory damages.

### Punitive Damages

44. Defendants' actions were: Reckless; showed callous indifference toward the rights of Plaintiff; and were taken in the face of a perceived risk that the actions would violate federal law.

45. Plaintiff is entitled to an award of punitive damages against Defendants, in order to punish them and to deter others.

### Attorney's Fees

46. Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff requests the declaratory relief describe herein, compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff prays

for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

## COUNT IV
## POLICY AND CUSTOM LIABILITY

47. Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

48. Defendants were, or should had been aware, of Plaintiff's ownership interests.

49. Defendant Township's actions and inaction demonstrate its policy of failing to recognize constitutionally protected property ownership rights that are clearly outlined in the federal system and in the Federal Sixth Circuit Court of Appeals.

50. Defendant Township has a policy indicating a deliberate course of action of not providing for federal constitutionally mandated pre-seizure hearings for all owners at a meaningful time and a meaningful manner where injunctive relief is sought in the form of removing Plaintiff's property from Plaintiff's residence and the residing township proper.

51. Defendant Township failed to train and supervise its attorneys, representatives, and police officers to provide for federal constitutionally mandated pre-seizure hearings for all owners at a meaningful time and a meaningful manner where injunctive relief is sought in the form of removing Plaintiff's property from Plaintiff's residence and the residing township proper.

52. Chapter 10, §10-16 of the Township Code of Ordinances and Chapter 10,

§10-9 of the Township Code of Ordinances, in combination, are violative of the due process clause of the Fourteenth Amendment, as applied, to the extent that they authorize the seizure of Plaintiff's property without providing her with a pre-seizure hearing.

53. Defendant Jay James is an official with decision-making authority and decided to seek the seizure of Plaintiff's dog without providing her a pre-seizure hearing.

54. Defendant Township has a custom of tolerance or acquiescence in not providing for federal constitutionally mandated pre-seizure hearings for all owners at a meaningful time and a meaningful manner where injunctive relief is sought in the form of removing Plaintiff's property from Plaintiff's residence and the residing township proper.

55. Defendant Township's actions and inactions demonstrate its policy of failing to recognize constitutionally protected property ownership rights that are clearly outlined in the federal system and in the Federal Sixth Circuit Court of Appeals.

56. Defendant Township's policy and custom violates both the 4th Amendment and 14th Amendment of the U.S. Constitution.

57. As a direct and proximate cause of Defendant Township's policy and custom, Plaintiff's constitutional rights have been and continue to be violated and have caused Plaintiff to be damaged.

### Compensatory Damages

58. Under 42 U.S.C. § 1983 Plaintiff is entitled to an award of compensatory damages.

### Punitive Damages

59. Defendant Township actions were: Reckless; showed callous indifference toward the rights of Plaintiff; and were taken in the face of a perceived risk that the actions would violate federal law.

60. Plaintiff is entitled to an award of punitive damages against Defendant Township, in order to punish it and to deter others.

### Attorney's Fees

61. Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff requests the declaratory relief describe herein, compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

### COUNT V
### DECLARATORY RELIEF

62. Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

63. M.C.R. 2.205 provides that: "persons having such interests in the subject matter of an action that their presence in the action is essential to permit the court to render complete relief must be made parties and aligned as plaintiffs or defendants in accordance with their respective interests."

64. Adjudication of property without joinder of such necessary parties is void. *Reinecke v. Sheehy*, 47 Mich. App. 250, 255 (1973) (judgment void against party not served); *Markstrom v. United States Steel Corporation*, 182 Mich. App. 570, 574 (1989), *rev'd on other grounds*, 437 Mich. 936 (1991) (settlement not binding on owner not joined as necessary party).

65. Plaintiff was not been joined in this case, which was a violation of M.C.R. 2.205, M.C.L. 287.286a and M.C.L. 287.321.

66. Because of, *inter alia*, the failure to join Plaintiff as a necessary party, any and all orders in the case against Odin are void. *Reinecke*, 47 Mich. App. at 255.

WHEREFORE, Plaintiff requests the declaratory relief describe herein, compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

**COUNT VI**
**CONVERSION**

67. Plaintiff repeats his prior allegations.

68. "Conversion is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." *Thoma v. Tracy Motor Sales, Inc.,* 360 Mich. 434, 438, 104 N.W.2d 360 (1960)(quoting *Nelson & Witt v. Texas Co.,* 256 Mich 65, 70)).

69. Defendants' void orders achieved without Plaintiff given a pre-seizure hearing is a distinct act of dominion wrongfully exerted over Plaintiff's dog in denial of or inconsistent with her rights.

WHEREFORE, Plaintiff requests relief under applicable law or in equity, including, without limitation, a judgment and an award of statutory treble damages and all reasonable costs, interest and attorney fees.  M.C.L. § 600.2919a.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully submitted,

CELESTE M. DUNN, PLC

By:  /s/ Celeste M. Dunn
_____
Celeste M. Dunn (P61819)
Celeste M. Dunn, PLC
P.O. Box 230
Clarkston, MI 48347
(248) 701-3467

April 8, 2021